IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK JOHNSON,** | : | CIVIL NO. 3:CV-13-2184 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **WARDEN DONNA ZICKEFOOSE,** | : | |
| | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Derrick Johnson (Johnson or petitioner), a federal inmate incarcerated at the Federal Correctional Center at Allenwood, White Deer, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

**I.  Background**

In November 2007, in the United States District Court for the Northern District of Texas, a jury convicted Johnson of one court of Bank Robbery in violation of 18 U.S.C. § 2113(a).  (See United Stated District Court for the Northern District of Texas Electronic Docket USA v. Johnson, 3:07-CR-00257-B-1, Doc. 48).  On April 18, 2008, Judgment in a Criminal case was filed wherein Johnson was committed to the custody of the Federal

---

[1]These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court.  See R. GOVERNING § 2254 CASES R.1(b)

Bureau of Prison ("BOP") for a term of imprisonment of 115 months. (Id. at Doc. 55.) He filed a direct appeal to the United States Court of Appeals for the Fifth Circuit on May 8, 2008. (Id. at Doc. 59.) However, on December 12, 2008, he moved to dismiss his appeal and solely relied on a motion to vacate the sentence pursuant to 28 U.S.C. § 2255. (See United States Court of Appeals for the Fifth Circuit Electronic Docket USA v. Johnson, Docket # 08-10409, entry dated December 24, 2008.)

On May 8, 2008, Johnson filed a motion to vacate under 28 U.S.C. § 2255. (See United States District Court for the Northern District of Texas Electronic Docket Johnson v. USA, 3:08-CV-00787-B, Doc. 1.) On July 9, 2008, the motion was dismissed without prejudice. (Id. at Doc. 9.) Johnson filed an appeal on August 8, 2008 and August 18, 2008. (Id. at Docs. 10, 12.) On November 14, 2008, his motions for a certificate of appealability were denied. (See United States Court of Appeals for the Fifth Circuit Electronic Dockets United States of America v. Johnson, Docket # 08-10802 and Docket # 08-10829.)

Johnson filed a second motion to vacate under 28 U.S.C. § 2255 on March 31, 2009, asserting that counsel was ineffective and that the prosecutor introduced false testimony and made references to a fictitious witness and event during trial. (See United States District Court for the Northern District of Texas Electronic Docket Johnson v. USA, 3:09-CV-00597-B, Doc. 1, 4-5.) The motion was denied. (Id. at Docs. 37-38.) He appealed and, on July 5, 2011, his motion for certificate of appealability was denied. (See United States Court of Appeals for the Fifth Circuit Electronic Dockets United States of America v. Johnson, Docket # 10-11101.) He unsuccessfully petitioned for writ of certiorari to the United States

Supreme Court. (Id.)

On January 13, 2013, Johnson filed yet another motion to vacate under 28 U.S.C. § 2255. (See United States District Court for the Northern District of Texas Electronic Docket Johnson v. USA, 3:13-CV-00247-B-BN, Doc. 1.) On May 20, 2013, the motion was transferred to the United States Court of Appeals for the Fifth Circuit because it was an unauthorized successive petition. (Id. at Doc. 13, 14.) On June 26, 2013, the Fifth Circuit denied authorization to file a successive petition. (See United States Court of Appeals for the Fifth Circuit Electronic Docket In re: Derrick Johnson, Docket # 13-10534.)

In March 2013, Johnson filed a motion for authorization to file a successive § 2255 petition on the grounds that counsel rendered ineffective assistance and that the Government introduced false testimony and made references to a fictitious witness and event during trial. (See United States Court of Appeals for the Fifth Circuit Electronic Docket In re: Derrick Johnson, Docket # 13-10315.) His motion was denied on June 11, 2013, based on his failure to make a prima facie showing that his claims relied on either "(1) 'newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense' or (2) 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.' § 2255(h); see 28 U.S.C. § 2244(b)(3)(C); Reyes-Requena v. United States, 243 F.3d 893, 897-98 (5th Cir. 2001) (incorporating § 2244(b)(3)(C)'s "prima facie showing" requirement into § 2255)." (Id.)

3

Johnson filed the instant petition pursuant to 28 U.S.C. § 2241 on August 19, 2013, again alleging that counsel rendered ineffective assistance.

**II.   Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A).

Such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.). Rather, only when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has

4

subsequently been rendered noncriminal by an intervening Supreme Court decision" can he avail himself of § 2241. Dorsainvil, 119 F.3d at 251–52.

In petitioner's second motion pursuant to § 2255, he raised the same ineffective assistance of counsel claims he includes in this petition. (See United States District Court for the Northern District of Texas Electronic Docket Johnson v. USA, 3:09-CV-00597-B, Doc. 1, 4-5.) Each ground was considered by the district court, his motion for certificate of appealability was denied, and he unsuccessfully petitioned for writ of certiorari to the United States Supreme Court. (Id. at Docs. 36-38; United States Court of Appeals for the Fifth Circuit Electronic Dockets United States of America v. Johnson, Docket # 10-11101.) The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. If a petitioner improperly challenges a federal conviction or sentence under section 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971). Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

                                                **BY THE COURT:**

                                                **s/ James M. Munley**
                                                **JUDGE JAMES M. MUNLEY**
                                                **United States District Court**

Dated:        September _24, 2013

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK JOHNSON, | : | CIVIL NO. 3:CV-13-2184 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN DONNA ZICKEFOOSE, | : | |
| | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 24th day of September 2013, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

2. The Clerk of Court is directed to CLOSE this case.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**